IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States District Court
Southern District of Texas
FILED
SEP 7 2004
Michael N. Milby, Clerk

| | |
|---|---|
| HEATHER SULLIVAN, § § Plaintiff, § § v. § § SCALABLE SOFTWARE, INC., § NEON SYSTEMS, INC. and § JMI EQUITY FUND, LP d/b/a JMI § § Defendants. § | CIVIL ACTION NO. H-04-2921 |

## DEFENDANT JMI EQUITY FUND, LP'S ORIGINAL ANSWER

Defendant JMI Equity Fund, LP ("Defendant") files this Original Answer to Plaintiff's Original Complaint. Each of the numbered paragraphs below corresponds to same-numbered paragraphs in Plaintiff's Original Complaint:

### Defendant's Averment Regarding Lack of Capacity

Defendant was formally dissolved in 2001 and no longer exists as a legal entity. Defendant therefore lacks the capacity to be sued in this case or to admit or deny Plaintiff's allegations. Subject to and without waiving this defense, Defendant answers Plaintiff's Original Complaint as follows:

### The Parties

1. Defendant is without sufficient knowledge to admit or deny whether Plaintiff is a resident of Houston, Harris County, Texas.

2. Subject to and without waiving its non-existence and lack of capacity defenses, Defendant admits that Defendant Scalable Software, Inc. is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

3. Subject to and without waiving its non-existence and lack of capacity defenses, Defendant admits that Defendant Neon Systems, Inc. is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

4. Defendant denies that it is a Delaware entity doing business in Houston, Harris County, Texas; that it does business as JMI; and that it may be served by serving its registered agent for service The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

### Jurisdiction and Venue

5. Defendant admits that Plaintiff bases jurisdiction for her Complaint under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5, 42 U.S.C. § 2000e-f(3), and 29 U.S.C. § 2601 *et seq.* and invokes this Court's ancillary and/or pendent jurisdiction of state and/or common law claims asserted, and admits that Plaintiff's allegations provide the basis for this Court's jurisdiction. Defendant denies that it violated any of the statutes cited by Plaintiff and that Plaintiff is entitled to relief from Defendant in any respect.

### Factual Background

6. Denied.

7. Defendant denies that it employed Plaintiff. Defendant is without sufficient knowledge to admit or deny any of the remaining allegations in this paragraph.

8. Defendant denies that there was any agreement between it and Plaintiff and further denies that she worked for Defendant at any time. Defendant is without sufficient knowledge to admit or deny any of the remaining allegations in this paragraph.

9. Defendant denies that there was any agreement between it and Plaintiff. Defendant is without sufficient knowledge to admit or deny any of the remaining allegations in this paragraph.

10. Defendant denies that there was any agreement between it and Plaintiff and further denies that it expressly consented to anything with Plaintiff. Defendant is without sufficient knowledge to admit or deny any of the remaining allegations in this paragraph.

11. Defendant denies that there was any agreement between it and Plaintiff; that it terminated Plaintiff's employment; and that it took any of the actions described in this paragraph or had any of the knowledge attributed to it in this paragraph. Defendant is without sufficient knowledge to admit or deny any of the remaining allegations in this paragraph.

12. Defendant is without sufficient knowledge to admit or deny any of the allegations in this paragraph.

13. Defendant denies that it had any policy discriminating against women, Plaintiff, or other disabled and pregnant women, and further denies any other conduct or knowledge attributed to it in this paragraph. Defendant is without sufficient knowledge to admit or deny any of the remaining allegations in this paragraph.

14. Denied.

## Causes of Action

15. Defendant denies that Plaintiff has stated a cause of action against it and further denies that Plaintiff is entitled to any of the relief sought.

16. Defendant denies that it has damaged Plaintiff and further denies that she is entitled to any of the relief sought.

17. Defendant denies that it has damaged Plaintiff and further denies that she is entitled to any of the relief sought.

3

18. Defendant denies that it has damaged Plaintiff and further denies that she is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

19. Defendant was formally dissolved in 2001 and no longer exists as a legal entity. Defendant therefore lacks the capacity to be sued in this case.

20. Plaintiff fails to state a claim upon which relief may be granted.

21. Some or all of Plaintiff's claims are barred by limitations.

22. Plaintiff has failed to exhaust administrative remedies with respect to some or all of her claims.

23. Plaintiff has failed to elect remedies.

24. Upon information and belief, Plaintiff has failed to mitigate damages, if any.

25. Alternatively, Plaintiff's claims are barred, and/or Defendant's actions, if any, were privileged, under the at-will employment doctrine.

26. Alternatively, if Defendant took any actions with respect to Plaintiff, it exercised reasonable care to prevent and remedy alleged harassment and Plaintiff unreasonably failed to take preventative or corrective opportunities.

27. Any action taken by Defendant was in good faith.

28. Plaintiff's claims for damages, including punitive damages, are limited by statute.

29. Alternatively, Defendant's conduct toward Plaintiff, if any, was based on reasonable, legitimate non–discriminatory factors other than unlawful discrimination.

30. Punitive damages cannot be justified in this case, and any award for punitive or other extra-contractual damages against Defendant would be in violation of the constitutional safeguards provided to Defendant under the constitutions of the State of Texas and the United States of America.

31. Alternatively, the acts Plaintiff alleges to be a violation of the FMLA were based on actions or omissions taken in good faith and on reasonable grounds, and therefore Plaintiff is not entitled to liquidated damages under the statute.

32. Plaintiff is not entitled to damages for emotional distress, mental anguish, or other compensatory damages not provided by the FMLA.

With respect to Plaintiff's allegations of a joint employment relationship between the defendants, Defendant adopts the affirmative defenses set forth by the other defendants in this case.

Defendant reserves the right to amend or supplement its affirmative defenses upon discovery in this case.

## REQUEST FOR ATTORNEYS' FEES AND COSTS

Defendant requests that it be awarded its reasonable attorneys' fees and costs incurred in connection with this lawsuit.

Respectfully submitted,

_W. Carl Jordan_  *by permission MJM

W. CARL JORDAN
State Bar No. 11018800
Federal I.D. No. 729
Attorney-In-Charge
MICHAEL J. MUSKAT
State Bar No. 24002668
Federal I.D. No. 22816
Vinson & Elkins, L.L.P.
1001 Fannin St.
Houston, TX 77002-6760
(713) 758-3738 (Telephone)
(713) 615-5874 (Telecopy)

**OF COUNSEL:**

Vinson & Elkins L.L.P.
2300 First City Tower
1001 Fannin
Houston, TX 77002

ATTORNEYS FOR DEFENDANT
JMI EQUITY FUND, LP d/b/a JMI

## CERTIFICATE OF SERVICE

I hereby certify that on the ___7___ day of September, 2004, a copy of Defendant JMI Equity Fund, LP's Original Answer has been served on counsel via facsimile and certified mail, return receipt requested, and addressed as follows:

>Fritz Barnett
>John Craddock
>Barnett & Craddock, L.L.P.
>The Lyric Centre
>440 Louisiana, Suite 1400
>Houston, Texas 77002
>
>Michael Jay Kuper
>Michael Jay Kuper, a Professional Corporation
>2800 Post Oak Blvd., 61st Floor
>Houston, Texas 77056
>
>L. Chapman Smith
>Heather Trachtenberg
>Baker Botts, L.L.P.
>910 Louisiana, Suite 3000
>Houston, Texas 77002-4995
>
>Kay Burkhalter
>Burkhalter & Armstrong
>Lyric Centre
>440 Louisiana, Suite 900
>Houston, Texas 77002

_____
Attorney for Defendant