**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **HEATHER SULLIVAN** § | |
| § | |
| **V.** § | |
| § | **CIVIL ACTION NO. H-04-2921** |
| **SCALABLE SOFTWARE, INC.,** § | |
| **NEON SYSTEMS, INC., and** § | |
| **JMI SERVICES, INC.** § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### THE PARTIES

1. Heather Sullivan, Plaintiff, is a resident of Houston, Harris County, Texas.

2. Defendant Scalable Software, Inc., is a Delaware corporation which has been served with process and has answered.

3. Defendant Neon which has been served with process and has answered.

4. Defendant JMI Services, Inc. is a Delaware entity doing business in Houston, Harris County, Texas. Defendant JMI Services, Inc. is substituted in and for JMI Equity Fund, LP as a party defendant. Mike Muskat, Vinson & Elkins, L.L.P., attorneys for defendant JMI Equity Fund, LP d/b/a JMI, has agreed to accept service for defendant JMI Services, Inc.

### JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5, 42 U.S.C. § 2000e-f(3), and 29 U.S.C. § 2601 *et. seq.* Additionally, this Court has ancillary and/or pendent jurisdiction of the state and/or common law claims asserted.

**FACTUAL BACKGROUND**

6. The defendant corporations are integrated and/or joint employers under the various applicable acts, statutes, and common law.

7. On May 29, 1999, Heather Sullivan was employed by defendants as a Product Manager. She performed her job to the highest standards and received annual raises and bonuses., despite being the subject and victim of sexual harassment. Indeed, she received outstanding performance reviews each and every year and in 1999 was promoted to Director of Product Management.

8. In a blessed event unrelated to her employment, Heather Sullivan became pregnant with her first child in August, 2002. In January, 2003, upon doctor's orders because of complications, and pursuant to the express agreement between Heather Sullivan and the defendants, Heather Sullivan began working two days in the office and three days at home. During that period of time, she continued to work full time for the defendants and performed her job in her usual outstanding manner.

9. In February, 2003, because of doctor's orders, Heather Sullivan and defendants agreed that she would continue working part-time at home at her full salary.

10. In March, 2003, again because of doctor's orders due to extreme complications of pregnancy, and other medical problems, causing endangerment to both the health of Mrs. Sullivan and her yet unborn child, she took family medical leave with the express consent and agreement of defendants.

11. On March 27, 2003, contrary to the law and their agreement, defendants abruptly terminated Heather Sullivan's employment without warning and without cause despite the fact that

her pregnancy disability was temporary, and her other medical problems would be corrected by surgery after childbirth, as was well known to defendants. Defendants unlawfully failed to advise Heather Sullivan of her rights under the Family and Medical Leave Act and/or to offer her the benefits to which she was entitled thereunder. In fact, Heather Sullivan was terminated because of her pregnancy and attendant complications.

12. Shortly after the birth of her child and corrective surgery, she was released fully able to return to work.

13. After her termination and consistent with defendants' policies discriminating against women, and specifically plaintiff and other disabled and pregnant women, Heather Sullivan was offered a "severance package" substantially less than what other male, non-pregnant females and non-disabled employees were offered.

14. All conditions precedent to performance have occurred.

## CAUSES OF ACTION

15. The above and foregoing, give rise to the following causes of action as to each defendant, in combination and in conspiracy:

    a. Sex discrimination, pregnancy discrimination, and sexual harassment;

    b. Disability discrimination;

    c. Violations of the Family Medical Leave Act; and

    d. Breach of contract.

## DAMAGES AND REMEDIES

16. By virtue of defendants' conduct, Heather Sullivan has been damaged. She seeks all general and special, incidental and consequential damages, as shall be proven at the time of trial,

including, but not limited back pay, front pay, mental anguish and emotional distress, compensatory and punitive damages, and statutory damages.

17. Additionally, plaintiff seeks the equitable remedies of reinstatement and/or re-employment.

18. Additionally, plaintiff seeks attorney's fees through trial and any appeal.

WHEREFORE, PREMISES CONSIDERED, plaintiff Heather Sullivan prays that upon final trial and hearing that she recover all damages that shall be proven, reinstatement, attorneys' fees, prejudgment and post-judgment interest, costs of court, and general relief.

Respectfully submitted,

BARNETT & CRADDOCK, L.L.P.


By: _____/s/_____
Fritz Barnett (01782250)
John R. Craddock (04969800)
The Lyric Centre
440 Louisiana, Suite 1400
Houston, Texas 77002
(713) 425-5300
(713) 425-5301 (Facsimile)

Michael Jay Kuper (11765000)
Michael Jay Kuper, a Professional Corporation
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056
(713) 892-4888
(713) 892-4828 (Facsimile)
ATTORNEYS FOR PLAINTIFF

**A JURY TRIAL IS DEMANDED ON ALL ISSUES**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all adverse parties of record by eFile and/or facsimile on this 26th day of October, 2004.

                                    /s/
                             John R. Craddock

K:\SULLIVAN.01\X1-AMENDEDPETITION
October 26, 2004